**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ATLANTIC SHORE SURGICAL
ASSOCIATES,

    Plaintiff,

v.

ADMINISTRATORS PUBLIC SERVICE
ELECTRIC AND GAS COMPANY, ET AL.,

    Defendants.

Civil Action No. 18-05714 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Atlantic Shore Surgical Associates' ("Plaintiff") Motion to Remand. (ECF No. 8.) On February 16, 2018, Plaintiff filed a complaint against Defendants Administrators Public Service Electric and Gas Company ("PSEG"), and Horizon Blue Cross Blue Shield ("Horizon") (collectively, "Defendants") in the Superior Court of New Jersey, Law Division, Ocean County. (ECF No. 1.) On April 9, 2018, PSEG, with Horizon's consent, removed the action to this Court based on federal question jurisdiction pursuant to 29 U.S.C. § 1132(e). (*Id.* ¶ 24.) On May 8, 2018, Plaintiff filed the present motion. (ECF No. 8.) Defendants opposed (ECF No. 18), and Plaintiff replied (ECF No. 19). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated herein, Plaintiff's motion to remand is granted.

I.  **Background**

Plaintiff is a healthcare provider in Ocean County, New Jersey, and provided healthcare services to JB.[1] (Compl. ¶¶ 7,20, ECF No. 1.) PSEG employed JB's spouse and sponsored JB's health benefits. (Id. ¶ 10.) Horizon serves as PSEG's plan administrator. (Id. ¶ 5.) Plaintiff is a "non-participating or out-of-network provider" as to JB and the health benefits provided by PSEG. (Id. ¶ 16.) On June 22, 2016, Plaintiff, through James Pasquariello, M.D., and Anil Pahuja, M.D., provided JB medical services in the form of laparoscopic surgery. (Id. ¶¶ 20-22.) Prior to the surgery, Plaintiff requested and received prior authorization for the surgery from Defendants (Id. ¶ 19.) The total billed amount for the surgery was $162,412.60. (Id. ¶ 25.) Horizon paid Plaintiff $4,786.35 resulting in an outstanding balance exceeding $157,000. (Id. ¶ 26.)

On February 16, 2018, Plaintiff filed a four-count complaint alleging (i) breach of contract, (ii) promissory estoppel, (iii) account stated, and (iv) fraudulent inducement, with each count arising from Defendants' June 22, 2016 pre-authorization of the procedure performed by Plaintiff on JB and Defendants' failure to pay the "usual, customary or reasonable" amount for the services Plaintiff rendered. (Id. ¶ 27.) Defendants removed the matter asserting that the Court has "federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as well as 29 U.S.C. § 1132(e)."[2] (Notice of Removal ¶ 24, ECF No. 1.) Specifically, Defendants asserted that "ERISA completely preempts Plaintiff's state law claims as they relate to the ERISA Plan, and because ERISA completely supersedes and displaces the sort of claims presented in the complaint, the complaint is necessarily federal in character." (Id.)

---

[1] JB is the pseudonym for the Plaintiff's patient. (See Compl. ¶ 8, Compl. ¶ 8, ECF No. 1.)

[2] Subsection (e) of 29 U.S.C. § 1132 is the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA").

2

## II. Legal Standard

### A. *Removal*

Subsection (a) of 28 U.S.C. § 1441 provides that defendants may remove a state-court civil action to the appropriate federal district court if the district court would have "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). The Third Circuit has advised that section 1441 "is to be strictly construed against removal." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The removing party "carries the burden of proving that removal is proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015). The removing party also bears the burden of "showing that at all stages of the litigation the case is properly before the federal court." *KIA Motors Am., Inc.*, 357 F.3d at 396.

Section 1331 of Title 28 provides that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under" federal law, and removal is proper, when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995). A defense based on federal law to a state law cause of action is usually "insufficient to warrant removal to federal court." *Id.* For example, a defense of preemption "ordinarily is insufficient justification to permit removal to federal court." *Id.* at 354; *see also Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398-99 n.4 (3d Cir. 2004) (explaining that the defense of preemption under ERISA § 514(a) must be distinguished from *complete* preemption under § 502(a) because § 514(a) "merely governs the law that will apply to state law claims . . . .") (emphasis in original). One of the recognized exceptions to the well-pleaded complaint rule is the doctrine of complete preemption. This doctrine "recognizes 'that Congress may so completely pre-empt a particular area that any civil

3

complaint raising this select group of claims is necessarily federal in character.'" *Pascack Valley*, 388 F.3d at 399.

## B. *ERISA Preemption*

In *Metropolitan Life Insurance Co. v. Taylor,* the Supreme Court held that the doctrine of complete preemption applies to "state law causes of action which fit within the scope of ERISA's civil-enforcement provisions" found in § 502.[3] *Dukes*, 57 F.3d at 354 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). The Court, accordingly, will have subject matter jurisdiction only if Plaintiff's claims fit within the scope of § 502.

A claim is within the scope of § 502 if "(1) the [plaintiff] could have brought its . . . claim under § 502(a), and (2) no other legal duty supports the [plaintiff's] claim." *Pascack Valley*, 388 F.3d at 400 (citing *Aetna Health Inc. v. Davila*, 532 U.S. 200, 211-12 (2004)). This test is conjunctive, and a state-law cause of action is completely preempted only when both prongs of the test are satisfied. *N.J. Carpenters & The Trustees Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014). The first prong of the *Pascack Valley* test is further broken down into two inquiries—"[(i)] whether the plaintiff is the type of party that can bring a claim pursuant to 502(a)(1)(B) and [(ii)] whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to 502(a)(1)(B). *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017) (emphasis in original). Section 502(a)(1)(B) limits the type of party that may bring a claim

---

[3] Section 502(a) provides, in pertinent part, that "[a] civil action may be brought . . . by a participant or beneficiary" seeking relief provided for by the statute or "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a).

4

pursuant to the same section to a "participant"[4] or a beneficiary.[5] 29 U.S.C. § 1132(a) ("A civil action may be brought . . . by a participant or beneficiary" seeking relief provided for by the statute or "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ."). A third-party healthcare provider that does not fit the definition of a participant or a beneficiary may nevertheless gain derivative standing under § 502(a) when "a patient assigns payment of insurance benefits to [the] healthcare provider . . . ." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015).

### III. Discussion

Here, Defendants removed this action pursuant to 29 U.S.C. § 1132(e) asserting that "ERISA completely preempts Plaintiff's state law claims as they relate to the ERISA plan, and because ERISA completely supersedes and displaces the sort of claims presented in the complaint, the Complaint is necessarily federal in character." (Notice of Removal ¶ 24.) The Court finds, however, that the instant matter fails the first prong of the *Pascack Valley* test.

First, Plaintiff is not a "participant" or "beneficiary" within the meaning of § 502. Thus, the only way Plaintiff could fulfill the first prong of the *Pascack Valley* test is if Plaintiff has derivative standing through an assignment of rights from JB.

The parties contest whether Plaintiff has an assignment from JB and can assert derivative standing. Defendant argues that Plaintiff has attempted to "skirt" the issue by not denying that

---

[4] A participant is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

[5] A beneficiary is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

5

Plaintiff has taken an assignment. (Defs.' Opp'n 12-13, ECF No. 18.) In Defendant's view, Plaintiff has conceded that an assignment occurred because Plaintiff's complaint states that PSEG paid Plaintiff directly and the only way this could have occurred is if there was an assignment. (*Id.*) Defendants cite to *North Shore-Long Island Jewish Health Care System, Inc. v. Multiplan, Inc.*, for the proposition that Plaintiff's pleadings, and any ambiguity about Plaintiff's assignee status arising therefrom, should be credited against Plaintiff pursuant to the artful pleading doctrine. (*Id.* at 13-14 (quoting *N. Shore-Long Island Jewish Health Care System, Inc. v. Multiplan, Inc.*, 953 F. Supp. 2d 419, 434 (E.D.N.Y. 2013) (citations omitted) ("*North Shore*")).)

In response, Plaintiff asserts that PSEG's health benefits plan (the "Plan") forecloses Plaintiff's ability to assert derivative standing because of an anti-assignment clause contained within the Plan. The clause reads, "Generally, you cannot assign your rights under the plan, but you may assign benefit payments directly to your healthcare provider." (Pl.'s Reply 4, ECF No. 19.) Plaintiff asserts that as a result of this clause, "Plaintiff could not be assigned the Patient's right to assert an ERISA claim . . . . [and, as a result Plaintiff] has no standing to bring any claims under the plan." (*Id.*)

Based on the record currently before the Court, the Court finds that the first prong of the *Pascack Valley* test is unfulfilled because the anti-assignment clause in the Plan prevents Plaintiff from asserting derivative standing. The plain language of first portion of the clause, "Generally, you cannot assign your rights under the plan," would appear to bar Plaintiff from asserting derivative standing. (Defs.' Opp'n, Ex. 1, Ex-031.) The second portion of the clause, "but you may assign benefit payments directly to your healthcare provider," does raise the question of whether JB made such an assignment to Plaintiff. (*Id.*) Plaintiff does not directly address whether such an assignment has occurred. Instead, Plaintiff relies on the plain language of the Plan to support the position that such an assignment to Plaintiff could never have occurred. (Pl.'s

6

Reply 4.) Critically, Plaintiff does not assert that Plaintiff is voluntarily foregoing derivative standing. Rather, Plaintiff asserts that the language of the Plan prevents Plaintiff from asserting derivative standing. *See Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, 262 F. Supp. 3d 105, 111 (D.N.J. 2017) (holding that an anti-assignment clause[6] prevented an out-of-network provider from stating a claim against Horizon and another defendant).

Defendants' citation to *North Shore*, for the proposition that any ambiguity regarding an assignment should be resolved in Defendants' favor, is unavailing. The defendants, in *North Shore*, provided that court with documentary evidence in the form of claim forms that showed that at least some of the claims at issue were subject to an assignment by patients to the plaintiff.[7] *North Shore*, 953 F. Supp. 2d at 430-43. These forms, moreover, were supported by (i) explanations in the defendants' briefs, and (ii) declarations by plan administrators, both of which explained that a "Y" entered in a certain field of the forms indicated that an assignment of benefits from a plan participant to a healthcare provider had occurred. *Id.* Here, there are no similar indicia that an assignment has occurred other than Defendants' assertion that Plaintiff would not have received payment but for an assignment from JB. Defendants, who removed to federal court, have the burden of establishing that the Court has jurisdiction and have not proffered similar evidence as was proffered to the court in deciding *North Shore*. In any event, "the mere existence of an assignment does not convert [Plaintiff's] state law claim[s] . . . into . . . claim[s] to recover benefits under the terms of an ERISA plan." *N. Jersey Brain & Spine Ctr. v. Aetna Life*

---

[6] The provision reads: "A Member may not assign his or her right to receive benefits or benefit payments under this Evidence of Coverage to another person or entity except for routine assignment of benefit payments to a Preferred Health Care Provider/Contracting Pharmacy rendering Covered Services." *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, 262 F. Supp. 3d 105, 108 (D.N.J. 2017).

[7] The plaintiff in *North Shore* did not specifically identify which payment claims were at issue in the matter. *North Shore*, 953 F. Supp. 2d at 428.

7

*Ins. Co.*, No. 16-1544, 2017 WL 659012, at *4 (D.N.J. Feb. 17, 2017) (Report & Recommendation adopted and remanded by *N. Jersey Brain & Spine Ctr. v. AETNA Life Ins. Co.*, No. 16-01544, 2017 WL 1055957, at *1 (D.N.J. Mar. 20, 2017)).

As to the second part of the first prong, the Court finds that Plaintiff's claims are not of the type permissible under § 502(a)(1)(B). Section 502 allows a participant or beneficiary to bring suit to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1332(a). Here, assuming Plaintiff has standing, Plaintiff's suit is not one of the types of suits allowed under § 502(a)(1)(B). Instead, Plaintiff's suit asserts rights arising from the provision of pre-authorized laparoscopic surgery to JB. Specifically, Plaintiff disputes the amount owed to Plaintiff, not Plaintiff's right to payment. In the Third Circuit, a suit based on the former is not preempted by ERISA while a suit based on the latter is completely preempted by ERISA. *See CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 178 (3d Cir. 2014) ("[A] provider may bring a contract action for an insurer's failure to reimburse the provider pursuant to the terms of [a separate agreement], while a claim seeking coverage of a service may only be brought under ERISA.") (citation omitted); *see also Emergency Physicians of St. Clare's v. United Health Care*, No. 14-404, 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014) ("ERISA does not, however, preempt claims over the amount of coverage provided . . . .") (citation omitted); *MHA, LLC v. Empire Healthchoice HMO, Inc.*, No. 17-6391, 2018 WL 549641, at *3 (D.N.J. Jan. 25, 2018) ("Disputes over the amount of reimbursement are not preempted by ERISA."). Because Plaintiff does not satisfy either subtest of the first prong of the *Pascack Valley* test, the Court does not reach the second prong. The Court, accordingly, finds that it does not have subject matter jurisdiction over this action.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion to remand is granted. Defendants' Motion to Dismiss is denied as moot. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE